[No. 22383.    Department Two.    October 3, 1930.]

METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, *Appellant,* v. A. W. PLATTS *et al.,* *Respondents.*[1]

*Charles T. Peterson, Robert M. Davis,* and *Reuben C. Carlson,* for appellant.

*E. K. Brown* and *Short & Short,* for respondents.

MAIN, J.—This action was brought to restrain the defendants from interfering with work upon a certain

[1]Reported in 291 Pac. 1092.

state highway, and especially to restrain them from moving logs that had been cut upon the highway and had not yet been disposed of. The defendants A. W. Platts and T. J. Bucklin denied the claim of the plaintiff to injunctive relief, and, by cross-complaint, sought damages against the plaintiff for the value of the logs and for an accounting. The trial was to the court without a jury, and resulted in a judgment against the plaintiff and in favor of the cross-complainants in the sum of $2,368.73, and also provided that $1,582.53, retained percentages then held by the state, should go to the cross-complainants. From the judgment thus entered, the plaintiff appeals.

The facts essential to be stated are these: April 8, 1927, one J. C. Suver entered into a contract with the state of Washington to clear a portion of state road No. 2, from Lake Keechelus to Easton, in Kittitas county, a portion of which passed through a national forest reserve. The appellant executed a bond to the state to secure the performance of the contract. As a condition precedent to the execution of this bond, the appellant required Suver and one A. W. Platts, to whom the contract had been transferred by Suver, to enter into an indemnity agreement. The contract, by its terms, was to be completed June 15, 1927, and was extended to August 1 of that year. The performance of the contract was entered upon by Platts and one Ed E. Anderson. While it was in the process of being performed, Anderson died, and T. J. Bucklin succeeded him. Platts and Bucklin continued work upon the contract until sometime in October, 1927, when, the state highway engineer not being satisfied with the progress of the work or the manner of its performance, the contract was taken over by the appellant. At this time, the winter season was approaching, when the prosecution of the work could not be continued.

During the early summer or late spring of 1928, the appellant called for bids for the work that remained to be done upon the contract, with the result that a contract was entered into by the appellant with one Frank Morgan to complete the work for the sum of $7,450. At the time Morgan took his contract and entered upon the performance thereof, there was cut and upon the highway something like 700,000 or 800,000 feet of logs. Morgan, in the performance of his contract, burned these logs. The respondents, being dissatisfied with the price of the Morgan contract and with the fact that the logs were burned instead of sold and removed to a market as the logs previously cut on the highway had been, by their cross-complaint, as above stated, sought the relief there indicated.

Two questions are presented upon the appeal, both of which are distinctively questions of fact. The first question is whether the logs upon the highway had a value as merchantable logs, and, if so, the amount thereof. The second question is whether the appellant, in awarding the contract to complete the work to Morgan for $7,450, exercised ordinary prudence in an endeavor to have the work done for what it was reasonably worth.

The evidence offered by the appellant was to the effect that the logs had no commercial value, and could not be removed to a sawmill at a profit. A number of witnesses testified to this effect. The evidence on the part of the respondents was that they had a commercial value to the extent of two thousand dollars or more, as they lay upon the highway. The appellant, when it brought injunctive action, alleged their value to be two thousand dollars. The trial court, in making the accounting between the parties, fixed the value at eighteen hundred dollars.

4

Upon the second question, the evidence is likewise in conflict. A number of witnesses testified on behalf of the appellant that the contract to Morgan was a reasonable, economical and a provident one. A number of witnesses testified on behalf of the respondents that the reasonable cost of the work was much less. The trial court, after listening to this testimony, fixed the reasonable value thereof at forty-five hundred dollars. In any view of the situation, if the logs had a commercial value of eighteen hundred dollars, the contract to Morgan to the extent that it involved the cost of burning these logs would be unreasonable and improvident.

The trial court did not make any formal findings of fact, but took the case under advisement, and prepared and filed a comprehensive memorandum opinion, in which the evidence was reviewed in detail. We have read the testimony of the witnesses and examined the exhibits with care, and are unable to say that the trial court reached an incorrect conclusion upon either of the questions. Upon the vital issues, the testimony was oral and in dispute. The trial court was in much better position than are we to weigh and give effect to this testimony. We are unable to say, as already indicated, that the trial court did not correctly weigh the evidence and give effect thereto.

The judgment will be affirmed.

HOLCOMB, MILLARD, and PARKER, JJ., concur.